```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF TEXAS
                             ABILENE DIVISION

UNITED STATES OF AMERICA,   )   Case No. 1:16-CR-0018-O-BL-1
                            )
        Plaintiff,          )
                            )   Abilene, Texas
v.                          )   July 12, 2016
                            )   10:00 a.m.
ROBERT BLAINE HARRIS,       )
                            )   REARRAIGNMENT
        Defendant.          )
                            )
```

                        TRANSCRIPT OF PROCEEDINGS
                   BEFORE THE HONORABLE E. SCOTT FROST,
                     UNITED STATES MAGISTRATE JUDGE.

APPEARANCES:

| | |
|---|---|
| For the Government: | Juanita Fielden |
| | UNITED STATES ATTORNEY'S OFFICE |
| | 1205 Texas Avenue, 7th Floor |
| | Lubbock, TX  79401 |
| | (806) 472-7394 |
| For the Defendant: | Kenneth G. Leggett |
| | GRAVLEY & LEGGETT |
| | P.O. Box 3579 |
| | Abilene, TX  79604 |
| | (325) 677-4190 |
| Court Recorder: | Dianna D. Davis |
| | UNITED STATES DISTRICT COURT |
| | 341 Pine Street |
| | Abilene, TX  79601-5928 |
| | (325) 677-6311 |
| Transcription Service: | Kathy Rehling |
| | 311 Paradise Cove |
| | Shady Shores, TX  76208 |
| | (972) 786-3063 |

         Proceedings recorded by digital sound recording;
           transcript produced by transcription service.

```
 1              ABILENE, TEXAS - JULY 12, 2016 - 10:09 A.M.
 2          THE CLERK:  Order in the Court.  All rise.
 3          THE COURT:  Good morning.  Be seated, please.  All
 4  right.  This is Case No. 1:16-CR-18, United States versus
 5  Robert Blaine Harris, for rearraignment.
 6          MS. FIELDEN:  Good morning, Your Honor.  Juanita
 7  Fielden for the Government.
 8          MR. LEGGETT:  Good morning likewise, Judge.  Ken
 9  Leggett here for Mr. Harris.
10          THE COURT:  Thank you, Counsel.
11      And Ms. Davis, would you please swear in Mr. Harris?
12      (The Defendant is sworn.)
13          THE COURT:  And sir, do you understand you're now
14  under oath, that if you answer any of my questions falsely
15  those answers may be used against you in a prosecution for
16  perjury?
17          THE DEFENDANT:  Yes, Your Honor.
18          THE COURT:  And how old are you, Mr. Davis?  Harris?
19  I'm sorry.
20          THE DEFENDANT:  Fifty.
21          THE COURT:  And how far did you go in school?
22          THE DEFENDANT:  I have one associate's degree.
23          THE COURT:  Are you now under the influence of alcohol
24  or any drug?
25          THE DEFENDANT:  No, sir.
```

```
 1              THE COURT:  Within the last six months, have you been
 2   under the care of any doctor?
 3              THE DEFENDANT:  No, sir.
 4              THE COURT:  Have you ever been hospitalized or treated
 5   for narcotics addiction or alcoholism?
 6              THE DEFENDANT:  No, Your Honor.
 7              THE COURT:  Ever been diagnosed with any emotional or
 8   mental disability?
 9              THE DEFENDANT:  No, Your Honor.
10              THE COURT:  Do you have any condition, either mental
11   or physical, which might affect your ability to understand why
12   you're here today and what you're about to do?
13              THE DEFENDANT:  No, sir.
14              THE COURT:  Okay.  And Mr. Leggett, in your opinion,
15   is your client competent to enter a plea?
16              MR. LEGGETT:  I believe he is, Your Honor.
17              THE COURT:  Do you believe that plea will be a knowing
18   and voluntary plea?
19              MR. LEGGETT:  I do.
20              THE COURT:  Mr. Harris, you have the right to enter
21   your plea of guilty before the district judge assigned to your
22   case, but you can agree to allow me to take your plea and make
23   a recommendation to the district judge.  Now, I have a form
24   here with your signature indicating your approval for me to
25   take your plea.
```

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Did you sign this?

3          THE DEFENDANT:  Yes, sir.

4          THE COURT:  Did you discuss it first with Mr. Leggett?

5          THE DEFENDANT:  I did.

6          THE COURT:  And do you still wish to proceed today
7   with your plea?

8          THE DEFENDANT:  Yes, Your Honor.

9          THE COURT:  I find that consent to be knowingly and
10  voluntarily given.

11     You also have the right to plead not guilty to any charges
12  against you, and if you plead not guilty the Constitution
13  guarantees you certain rights, including the right to a trial
14  by jury; the right to counsel at all stages of the proceeding;
15  the right to present evidence and witnesses on your behalf; the
16  right to confront and cross-examine witnesses against you.  If
17  we proceeded to trial, you could not be compelled to testify.
18  Whether you did so would be your decision.  And if you were
19  found guilty, you would have the right to appeal your
20  conviction or sentence.  Do you understand you're guaranteed
21  these rights?

22         THE DEFENDANT:  Yes.  I do.

23         THE COURT:  And if you plead guilty and if the
24  district judge accepts that plea, you will be giving up your
25  right to a trial and will be convicted of the offense charged

1  by Count One of the superseding indictment, which charges a
2  violation of 18 United States Code, Section 2422(b) and 2,
3  which is enticement of a minor and aiding and abetting.  Do you
4  understand the consequences of pleading guilty?
5          THE DEFENDANT:  I do, Your Honor.
6          THE COURT:  Federal law provides guidelines for judges
7  to follow in determining what sentence to impose in criminal
8  cases.  These sentencing guidelines are advisory, not
9  mandatory.  Have you and Mr. Leggett discussed how the
10 sentencing guidelines might apply to your case?
11         THE DEFENDANT:  Yes, Your Honor.
12         THE COURT:  And even so, do you understand that no one
13 can predict with certainty the outcome of the Court's
14 consideration of the guideline factors in your case?
15         THE DEFENDANT:  Yes, Your Honor.
16         THE COURT:  Do you understand the sentence you
17 receive, so long as it's within the statutory maximum, is
18 solely in the discretion of the Court?
19         THE DEFENDANT:  Yes, Your Honor.
20         THE COURT:  And have you and Mr. Leggett had a full
21 opportunity to discuss your case and your proposed plea?
22         THE DEFENDANT:  Yes.
23         THE COURT:  And are you fully satisfied with the
24 representation and advice that you've received from him?
25         THE DEFENDANT:  I am.

```
 1              THE COURT:  Now, have you and he gone over the
 2  indictment?
 3              THE DEFENDANT:  Yes, sir.
 4              THE COURT:  Do you understand the charges against you?
 5              THE DEFENDANT:  I do.
 6              THE COURT:  Would you like to have them read again at
 7  this time?
 8              THE DEFENDANT:  No, Your Honor.
 9              THE COURT:  I will ask the U.S. Attorney to read the
10  essential elements of the offense.
11              MS. FIELDEN:  That you knowingly persuaded, induced or
12  enticed, or attempted to do so, an individual who had not
13  attained the age of 18 years to engage in sexual activity for
14  which you could be charged with a criminal offense, and that
15  said act of persuading, inducing or enticing was done by means
16  of -- facility or means of interstate or foreign commerce.
17              THE COURT:  Mr. Harris, do you understand each of
18  these essential elements?
19              THE DEFENDANT:  Yes, sir.
20              THE COURT:  And do you admit that you committed each
21  of these essential elements --
22              THE DEFENDANT:  Yes, sir.
23              THE COURT:  -- of the offense?  Now, a plea of guilty
24  must be truly voluntary, and you should plead guilty because
25  you are guilty and for no other reason.  Did you voluntarily
```

```
 1  enter into the plea agreement?
 2          THE DEFENDANT:  I did, Your Honor.
 3          THE COURT:  Has anyone threatened you or made promises
 4  to you to induce you to plead guilty?
 5          THE DEFENDANT:  No, sir.
 6          THE COURT:  Now, your signature is on that plea
 7  agreement.  Did you sign the document?
 8          THE DEFENDANT:  I did.
 9          THE COURT:  Did you read it and discuss it with your
10  attorney first?
11          THE DEFENDANT:  I did.
12          THE COURT:  Were you comfortable that you understood
13  everything in the plea agreement?
14          THE DEFENDANT:  Yes, sir.
15          THE COURT:  And are all of the terms of the agreement
16  with the Government set out in this written document?
17          THE DEFENDANT:  Yes, Your Honor.
18          THE COURT:  I want to go over a couple of provisions
19  in the plea agreement with you.
20     In Paragraph 4, there's an agreement by the Government not
21  to oppose the award of a two-level downward adjustment for
22  acceptance of responsibility, and the Government also agrees
23  that if you meet all the requirements in Paragraph 4 regarding
24  disclosure and not obstructing justice, then it will move at
25  sentencing for a third point to be awarded.  Do you understand
```

1  the district judge is not bound by this provision, that he
2  could reject it and you would still be bound by your plea of
3  guilty and have no right to withdraw it?
4          THE DEFENDANT:  Yes, Your Honor.
5          THE COURT:  And in Paragraph 8 there's an agreement by
6  the Government not to bring other charges against you that's
7  based upon the conduct underlying and related to your plea, and
8  that it will dismiss any remaining charges in the pending
9  indictment at the time of sentencing.
10     The paragraph notes that this agreement is limited to any
11 charges that could be filed for coercion or enticement of a
12 child related to the minors referenced in the indictment or
13 others known by the Government, and does not prohibit filing
14 any charges related to production of child pornography or any
15 sexual abuse or exploitation of a child not associated with the
16 minors referenced in the indictment or not known to the
17 Government.  Do you understand this?
18          THE DEFENDANT:  Yes, sir.
19          THE COURT:  And is that your agreement?
20          THE DEFENDANT:  Yes, sir.
21          THE COURT:  Do you understand that if the judge
22 rejects the plea agreement because of this provision, you would
23 have an opportunity to withdraw your plea of guilty and change
24 it to not guilty?
25          THE DEFENDANT:  Yes, Your Honor.

1          THE COURT:  And in Paragraph 9 you agree not to
2   contest, challenge or appeal the forfeiture to the United
3   States of any property subject to forfeiture as noted in the
4   superseding indictment or by any bills of particulars or that
5   is seized or restrained by law enforcement officers during the
6   investigation related to this case.  And specifically in that
7   paragraph it references an Apple iPhone 6, as more fully
8   described in the indictment.
9      Did you voluntarily and of your own free will agree to give
10  up your right to and not to challenge the forfeiture of that
11  property?
12         THE DEFENDANT:  Yes, Your Honor.
13         THE COURT:  And in Paragraph 7 it indicates that
14  you've been advised and understand that under the Sex Offender
15  Registration and Notification Act, you must register and keep
16  your registration current in any jurisdiction in which you
17  reside, where you work, and where you are a student.  Do you
18  understand your duty to register?
19         THE DEFENDANT:  Yes, Your Honor.
20         THE COURT:  Do you understand you must inform at least
21  one of these jurisdictions within three days after any change
22  in name, residence, employment, or student status?
23         THE DEFENDANT:  Yes, Your Honor.
24         THE COURT:  And do you understand that failure to
25  comply with these requirements will subject you to prosecution

1   for failure to register under federal law, which is punishable
2   by a fine, imprisonment, or both?
3           THE DEFENDANT:  Yes, Your Honor.
4           THE COURT:  And as I explained earlier, you have the
5   right to appeal or collaterally attack your conviction or
6   sentence.  Your plea agreement contains a waiver of this right.
7   Do you understand that in Paragraph 12 you're agreeing to give
8   up your right to appeal or otherwise challenge your conviction
9   or sentence except in the limited circumstances that are set
10  out in Paragraph 12?
11          THE DEFENDANT:  Yes, Your Honor.
12          THE COURT:  And did you voluntarily agree to give up
13  your right to appeal?
14          THE DEFENDANT:  I did.
15          THE COURT:  Do you understand the offense to which
16  you're pleading guilty is a felony, and that conviction of a
17  felony can deprive you of valuable rights of citizenship, such
18  as the right to vote, to hold public office, to serve on a
19  jury, or to possess a firearm?
20          THE DEFENDANT:  Yes, Your Honor.
21          THE COURT:  And while it may not apply to you, do you
22  understand that non-citizen defendants who are convicted of a
23  felony conviction can face serious immigration consequences?
24          THE DEFENDANT:  Yes, Your Honor.
25          THE COURT:  And Ms. Fielden, will you please read the

1  potential penalties?

2            MS. FIELDEN:  Yes, Your Honor.  Before I do that,
3  though, I want to advise the Court that he is pleading to Count
4  One of the superseding indictment.  I know that the plea
5  agreement and the factual resume simply say Count One of the
6  indictment, --

7            THE COURT:  Yes.

8            MS. FIELDEN:  -- but it is a superseding indictment.

9            THE COURT:  Thank you.

10           MS. FIELDEN:  All right.  A term -- the maximum
11 penalty you are facing is a term of imprisonment of not less
12 than ten years nor more than life; a fine of not more than
13 $250,000; or both; a term of supervised release of up to life;
14 and a $100 mandatory special assessment.

15           THE COURT:  Mr. Harris, do you understand that if you
16 plead guilty you're subject to these penalties?

17           THE DEFENDANT:  Yes, Your Honor.

18           THE COURT:  And do you understand that if the sentence
19 you receive is more severe than you expect, you'll still be
20 bound by your plea of guilty?

21           THE DEFENDANT:  Yes, Your Honor.

22           THE COURT:  All right, sir.  Having gone over all of
23 this, how do you plead to the charges against you in Count One
24 of the superseding indictment, guilty or not guilty?

25           THE DEFENDANT:  Guilty.

```
 1            THE COURT:  Now, I also have a copy of a document
 2  called a factual resume.  That appears to have your signature
 3  on it as well.  Did you sign the factual resume?
 4            THE DEFENDANT:  Yes, Your Honor.
 5            THE COURT:  Did you review it first with your
 6  attorney?
 7            THE DEFENDANT:  Yes.  Yes, we did.
 8            THE COURT:  And were you comfortable that you
 9  understood the contents of the factual resume?
10            THE DEFENDANT:  Yes.
11            THE COURT:  And are all of the facts that are set out
12  in the factual resume true and correct?
13            THE DEFENDANT:  Yes, Your Honor.
14            THE COURT:  All right.  Based on the responses given
15  this morning, I find that Mr. Harris is fully competent and
16  capable of entering an informed plea.  His plea of guilty to
17  Count One of the superseding indictment is a knowing and
18  voluntary plea supported by an independent basis in fact that
19  contains each of the essential elements of the offense charged.
20  It will be my recommendation to the district judge that he
21  accept your plea of guilty.  You'll have 14 days to file any
22  objection to my recommendation.
23     The probation officer will be meeting with you to assist
24  with preparing a presentence report.  You'll be provided a copy
25  of that report once it's completed, have an opportunity to file
```

1  objections through your attorney to the contents of the report.
2       The district judge will notify you of your date of
3  sentencing once that's been set.
4       Do you have any questions about what we've gone over today?
5            THE DEFENDANT:  No, sir.
6            THE COURT:  Mr. Leggett, anything?
7            MR. LEGGETT:  No, Your Honor.  I think that covers it.
8            THE COURT:  Ms. Fielden?
9            MS. FIELDEN:  No, Your Honor.
10           THE COURT:  All right, sir.  That completes your
11 rearraignment.  You're remanded back to custody, and I wish you
12 the best of luck.  We're adjourned.
13           MR. LEGGETT:  Thank you, Your Honor.
14           THE CLERK:  All rise.
15      (Proceedings concluded at 10:20 a.m.)
16                          --oOo--
17
18
19
20                          CERTIFICATE
21     I certify that the foregoing is a correct transcript from
   the digital sound recording of the proceedings in the above-
22 entitled matter.
23 **/s/ Kathy Rehling**                                   **01/24/2017**
24 _____    _____
   Kathy Rehling, CETD-444                        Date
25 Certified Electronic Court Transcriber

1
2
                                  INDEX

3   PROCEEDINGS                                                       2

4   WITNESSES

5   -none-

6   EXHIBITS

7   -none-

8   RULINGS

9   Consent                                                           4
    Guilty Plea                                                      11
10  Findings and Recommendation                                      12
    Defendant Remanded to Custody                                    13
11
    END OF PROCEEDINGS                                               13
12
    INDEX                                                            14
13
14
15
16
17
18
19
20
21
22
23
24
25